**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-1651

VILMA MERCEDES MEJIA–GARCIA; B.A.M.; OSCAR ROBERTO MEJIA–MEJIA; W.E.M.,

        Petitioner,

    v.

MERRICK B. GARLAND, Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  October 21, 2024                  Decided:  November 22, 2024

Before WILKINSON and BENJAMIN, Circuit Judges, and Rossie D. ALSTON, Jr., United States District Judge for the Eastern District of Virginia, sitting by designation.

Remanded by unpublished per curiam opinion.

**ON BRIEF:**  Brendan H. Connors, HOLLAND AND KNIGHT LLP, Washington, D.C., for Petitioners.  Brian Boynton, Principal Deputy Assistant Attorney General, Shelley R. Goad, Jennifer A. Singer, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vilma Mercedes Mejia-Garcia, on behalf of herself and her children, requests remand of her claims for asylum, withholding of removal, and protection under the Convention Against Torture, arguing that the immigration judge (IJ) failed to fully develop the record and explain the elements of each claim when she appeared *pro se* at her final hearing. Mejia-Garcia further contends that remand is appropriate on all her claims due to the IJ's failure to develop the record pursuant to *Quintero v. Garland*, 998 F.3d 612 (4th Cir. 2021), which was decided while her first appeal was pending in this court. The Government agrees, in part, and requests remand of Mejia-Garcia's asylum claim for further consideration in light of additional intervening caselaw related to the showing required for past persecution.

Accordingly, we remand this case in its entirety to the Board of Immigration Appeals with instructions to further remand to the IJ for reconsideration in light of *Quintero*, and the additional intervening caselaw identified in the Government's brief. *See* Response Br. at 22.* We express no view on the merits of Mejia-Garcia's claim and do not consider the Government's suggestion of a partial remand as a confession of error.

*REMANDED*

---

* *See, e.g., Chicas-Machado v. Garland*, 73 F.4th 261, 265 (4th Cir. 2023); *Sorto-Guzman v. Garland*, 42 F.4th 443, 449 (4th Cir. 2022); *Portillo Flores v. Garland*, 3 F.4th 615, 627–28 (4th Cir. 2021) (en banc); *Bedoya v. Barr*, 981 F.3d 240, 246 (4th Cir. 2020); *Cortez-Mendez v. Whitaker*, 912 F.3d 205, 209 n.* (4th Cir. 2019).